## IRA H. BICKFORD *vs.* JOHN M. BARNARD & another.

A discharge in insolvency is a bar to the recovery of damages for the conversion of goods, though such damages are alleged by way of aggravation in an action of tort for breaking and entering the plaintiff's close.

TORT for breaking and entering the plaintiff's workhouse and store-room, and taking and carrying away therefrom a large quantity of the plaintiff's goods. An arbitrator, to whom the case was referred, awarded that the plaintiff was entitled to recover the sum of $2715.98, with interest and costs, and that, after the commencement of the action, the defendants filed their petition in insolvency, and duly obtained their discharge. The case was thereupon reserved by the chief justice for the determination of the whole court.

*G. A. Somerby*, for the plaintiff. This action is not for the conversion of goods. It is for the breaking and entering, and the taking of the goods was mere aggravation, affecting only the question of damages. *Phelps* v. *Morse*, 9 Gray, 207. *Knapp* v. *Slocumb*, Ib. 75. *Robbins* v. *Sawyer*, 3 Gray, 375. *Gilbert* v. *Thompson*, 9 Cush. 348. *Eames* v. *Prentice*, 8 Cush. 337. *Sawyer* v. *Ryan*, 13 Met. 144. Therefore the plaintiff could not have proved the claim in suit against the insolvent estate of the defendants, and their discharge applies only to debts which were provable. *St.* 1838, *c.* 163, §§ 3, 6.

*H. C. Hutchins*, for the defendants.

BIGELOW, C. J. So far as the claim of the plaintiff in this action includes damages for the wrongful taking and carrying away of chattels by the defendants, it comes within the express provision of the insolvent law; *St.* 1838, *c.* 163, § 3, reënacted in Gen. Sts. *c.* 118, § 25; and may be proved against their estate in the hands of assignees. The enactment is explicit, that "all demands against the debtor for or on account of goods or chattels wrongfully obtained, taken or withheld by him, may be proved and allowed as debts," to the amount of the value thereof; and it is also provided in *St.* 1838, *c.* 163, § 7, Gen. Sts. *c.* 118, § 76, that such demands shall be barred by the discharge granted to the debtor.

The error into which the plaintiff's counsel has fallen consists in looking only at the form of the action in which the plaintiff seeks to recover his damages of the defendants, instead of regarding the elements of which these damages are made up. It is the nature of the demand, not the technical form of action in which it is sought to be recovered, which constitutes the test by which to ascertain whether a claim for damages, or any portion of it, can be proved in insolvency and is barred by a discharge. If a part of the damages claimed by a plaintiff in an action for breaking and entering his close is for the value of goods wrongfully taken at the time of such breach and entry, it is to that extent " a demand " within the meaning of the statute, and provable as a debt against the estate of the trespasser, and barred by his discharge. The form of action in which such damages may be claimed is wholly immaterial. If it were not so, the statute would not be uniform in its operation. Its application would depend in many cases on the form of action in which a party might elect to enforce his remedy. Indeed, if the position assumed by the plaintiff can be maintained, we can see no reason why, in every case where a wrongful seizure of chattels, however great their value, is accompanied by a technical breach of the close, occasioning nominal damages only, it would not be in the power of the party injured, by commencing an action of trespass *quare clausum*, to render the whole claim

incapable of proof against the estate of the trespasser in insolvency, and to deprive him of the benefit of his discharge as to the larger part of the claim for damages. Such a result could not have been contemplated by the legislature. Nor do we think it to be a necessary or reasonable interpretation of the language of the statute. No good reason can be given for excluding from proof a claim for damages for taking and converting chattels, because at the same time there was also a trespass committed on land. This fact does not change the nature of the damage caused by the wrongful seizure of the chattels, nor does it in any degree modify or affect the reason on which the provision of the statute allowing proof of such damages as a debt is founded. When goods have been taken and converted by a debtor, his estate has been benefited to the extent of their value. It is, therefore, just and reasonable that the person injured should have a right to share in the assets, which have been increased by the wrongful conversion of his property, and the equity and reasonableness of this claim are the same, whether the chattels were wrongfully taken without the commission of any other trespass, or were seized simultaneously with a tortious entry on land. Such was manifestly the view entertained by the learned commissioners who framed the insolvent law. In their report to the legislature, speaking of the provisions in the act concerning the proof of debts, they say that they have proposed to extend it " to all cases, even mere torts, where goods or any valuable property have been wrongfully obtained, taken or withheld by the debtor ; confining, however, the sum to be allowed against the estate to the amount to which the estate has been benefited, and that of the claimant injured." Senate Doc. 1831, No. 5, p. 13.

Nor can we see any practical difficulty in the administration of the insolvent law, which will arise out of the construction which we think ought to be given to this provision concerning the proof of claims for the wrongful conversion of personal property. When the trespass is of a mixed character, and the claim for damages includes an injury caused by the breach of a close as well as by a taking of chattels, there can be no embarrassment

in distinguishing between these two elements of damage, and making a severance of them, so that the party injured may prove his claim for the conversion of personal property, and retain his right of action for injury to the realty. They are distinct substantive grounds of damage, having no necessary connection with each other, and readily susceptible of being separately established by evidence. Nor would a satisfaction of one portion of the damage as a distinct ground of claim operate to discharge or release the others. A provision to this effect was inserted in the insolvent act as originally reported by the commissioners to the legislature, but it was stricken out for the reason, as we suppose, that it was deemed to be useless and unnecessary.

The case of *Hapgood* v. *Blood*, 11 Gray, 400, is widely different from the case at bar. That was an action in which the whole damages claimed were for injuries to real estate. The defendant set up his discharge in insolvency as a bar to a part of the plaintiff's claim, which embraced the value of timber which the defendant had cut down and carried away. But it was held that such a claim was not provable as a debt, nor barred by a discharge, under the insolvent laws. It was not a demand in whole or in part for goods or chattels which the defendant had taken and converted, but solely for injury to realty, which was clearly not included among the claims enumerated in the statute which could be proved against the estate of the defendant.

In order that the rights of the parties to this suit may be properly adjusted, the case must be, in conformity to these views, recommitted to the arbitrator, with instructions to ascertain the amount of the plaintiff's claim for damages, for taking and converting goods and chattels, and to receive the discharge of the defendants in insolvency as a bar to the maintenance of the action to recover damages therefor ; and also to ascertain and determine the amount of damages sustained by the breach of the plaintiff's close, and to make an award for that sum in favor of the plaintiff.